# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 7, 2004

## RONALD L. JOHNSON v. FLORA HOLLAND, Warden

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3347     J. Randall Wyatt, Jr., Judge**

---

**No. M2003-01992-CCA-R3-HC - Filed May 10, 2004**

---

The petitioner, Ronald L. Johnson, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. He argues that his convictions for two counts of passing worthless checks are void because they were not ordered to be served consecutively to a sentence from which he had been paroled at the time of the check offenses, his parole subsequently being revoked. The habeas corpus court dismissed his petition without a hearing, and we affirm that action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Ronald L. Johnson, Middle Tennessee Correctional Complex, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On January 5, 2001, the petitioner pled guilty in the Hamilton County Criminal Court to two counts of passing worthless checks, one a Class D felony and one a Class E felony. Pursuant to his negotiated plea agreement, he was sentenced by the trial court as a career offender at 60% release eligibility to concurrent terms of twelve years and six years, respectively. Although not reflected in his judgment forms, according to the transcript of his guilty plea hearing and his written plea agreement, the sentences were to be served concurrently with "any other sentences he already ha[d]." However, the judgments do not refer to any other sentences. The petitioner's parole status was not discussed at the hearing.

Several months later, the petitioner sent a letter to the assistant district attorney who handled his case, asserting that he had learned from the Tennessee Board of Probation and Parole that, because the offenses to which he had just pled guilty in Hamilton County were committed while he was on parole for a prior felony, his time would have to be served consecutively to his parole violation sentence. The petitioner proposed that, in lieu of his filing a motion to withdraw his guilty pleas, his sentences be modified to concurrent terms of twelve years and six years at 45% release eligibility, to be served consecutively to his parole violation sentence. There is nothing in the record to indicate whether the State responded to the petitioner's letter. However, on September 6, 2001, amended judgments were entered, differing from the previous judgments only because each provided the sentences were to be served at 45%, rather than 60%. Each judgment was silent as to whether it was to be served consecutively to any other sentence. The assistant district attorney explained to the trial court at the time he presented the amended judgments:

> We'd sentenced [the petitioner] in 235192, count 1, to a 12-year sentence as a career offender at 60 percent, and also in count 2 as a career offender to 6 years at 60 percent.

> Our understanding or our agreement at the time -- and I reviewed it this morning to make sure that it's correct -- was that we had said it would be run concurrent with any other sentence he would have.

> He's since been sent to the Department of Corrections [sic], and I received a letter from him last week that, of course the Department of Corrections [sic], since he was apparently on parole at the time of the offenses that he picked up here, by statute, they're insisting that it would have to be run consecutive.

> In his letter, he requested that I consider amending the judgment to make it a Range III offender at 45 percent. It's still going to be run consecutive, but based on his request, I'm entering an amended judgment in each case to reduce it to persistent offender at 45 percent on, again, 12 years and 6 years.

> And I'll get certified copies of this and send, forward him a letter that I've complied with his request, forego the need for any kind of post conviction petition or anything like that. Hopefully this will satisfy him.

> THE COURT: All right. You're doing that to more nearly affect what you intended to do at the time?

> [ASSISTANT DISTRICT ATTORNEY]: Yes, sir. Yes, sir.

-2-

The file does not reflect whether the State had verified independently the petitioner's parole status or, simply, had relied on the petitioner's claim in his earlier letter.

Sometime in late December 2002 or early January 2003, the petitioner filed a *pro se* petition for a writ of habeas corpus.[1] In an amended petition filed on April 23, 2003, after the appointment of counsel, the petitioner alleged that he was on parole at the time he committed at least one of the passing worthless check offenses, that the sentences imposed directly violated state law requiring that offenses committed while on parole be served consecutively to a sentence for parole violation, and that the judgments were therefore void when entered. The petitioner further alleged there was no authority for his resentencing eight months after the entry of his guilty pleas and that his sentences, as amended, rendered his guilty pleas unknowing and involuntary. Although both the *pro se* and amended petitions recited that the petitioner was on parole when he committed the offenses upon which the two judgments in question were based, neither presented any documentation of this alleged fact.

The habeas court summarily dismissed the petition on July 8, 2003, ruling that the petition did not state any grounds for habeas corpus relief, and subsequently denied the petitioner's motion to reconsider. After waiving counsel on appeal, the petitioner filed a *pro se* notice of appeal to this court in which he challenges the summary dismissal of his petition.

## ANALYSIS

It is well established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). "The burden of proof that the judgment is 'void,' rather than 'voidable,' rests with the petitioner. That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment." McLaney v. Bell, 59 S.W.3d 90, 92-93 (Tenn. 2001) (citations and footnote omitted). Because the determination of whether a writ of habeas corpus should be granted is a matter of law, we review the habeas court's summary dismissal of the petition *de novo*, with no presumption of correctness. Id. at 92.

---

[1]The date stamp on this document is illegible.

A sentence imposed in direct contravention of a statute is illegal and therefore "void or voidable depending upon whether the illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings." McLaney, 59 S.W.3d at 94 (citing Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000)); see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The petitioner alleges that his offenses were committed while he was on parole for a prior felony. If such were the case, the petitioner is correct in asserting that his sentences could not lawfully be run concurrently with time he was already serving on his parole violation. Tennessee Code Annotated section 40-28-123(a) (1997 & Supp. 2001) provides in pertinent part:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.

In addition, Tennessee Rule of Criminal Procedure 32(c)(3), "Mandatory Consecutive Sentences," provides:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony[.]

The State contends that the judgments are voidable, rather than void, because neither the judgments on their face nor the record of the underlying proceedings reveals that the petitioner was on parole at the time he committed the offenses. In support, the State cites the assistant district attorney's statement to the trial court, made during the guilty plea hearing, that the plea agreement was for the petitioner's sentences to run concurrently to any other sentences he had, but he was "not sure exactly what other sentences he ha[d]." The State additionally argues that, even if the facts presented by the petitioner were true, the illegal sentencing issue was appropriately resolved by the amended judgment, which incorporated the terms proposed by the petitioner and agreed to by the State. The petitioner responds by asserting that the State and the trial court either were or should have been aware of his parole status at the time he committed the offenses, that a sentence in direct contravention of a statute is illegal and void, and that he never agreed to the amended judgments, which were entered without his consent or presence and without the knowledge or presence of counsel.

In McLaney v. Bell, our supreme court held that where the face of a judgment or the record of the underlying proceedings demonstrates that a petitioner received illegal concurrent sentencing, the judgment of conviction is void and habeas corpus relief is available. 59 S.W.3d at 91. The petitioner in McLaney alleged that his plea bargain agreement resulted in an illegal concurrent sentence, in violation of the statute that requires consecutive sentencing when a felony is committed when a defendant is on bail from a prior felony. Id. at 92. Our supreme court reversed the summary dismissal of the petition and remanded the case to the habeas court for the appointment of counsel and an evidentiary hearing. Id. at 95. The court instructed that, should the habeas court determine that the petitioner was on bail when he committed the offenses and thus that the sentences he received were void, it should transfer the case to the convicting court, where the petitioner would be entitled to withdraw his guilty pleas and proceed to trial for the offenses. Id. at 95-96. The court explained, however, that it would have reached a different result had the *pro se* petitioner been represented by counsel:

> The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition. Had McLaney been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits.

Id. at 94.

Based upon this language from McLaney, we conclude that the court was correct in dismissing the petition. Neither the original petition nor the amended version filed by counsel presented any documentation that the petitioner was on parole when he committed the two offenses which are the basis for this appeal. The transcript of the proceedings when the amended judgments were entered likewise is unhelpful to the petitioner, for it does not reflect that the State did other than accept the petitioner's claim before presenting the amended judgments to the court. Accordingly, the judgments are, at best, voidable and not the basis for granting relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the habeas court dismissing the petition.

_____
ALAN E. GLENN, JUDGE

-5-