IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## TYRONE D. CONLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Washington County
No. 30616     Lynn W. Brown, Judge**

---

**No. E2004-02480-CCA-R3-PC - Filed June 16, 2005**

---

The petitioner, Tyrone D. Conley, pled guilty in the Washington County Criminal Court to second degree murder, and he was sentenced to twenty years incarceration in the Tennessee Department of Correction.  Subsequently, the petitioner filed a "Constitutional Challenge to Vacate Invalid Sentence."  The trial court dismissed the petition, finding that if the document was a petition for post-conviction relief, it was time-barred.  Further, the trial court determined that if the document was a petition for a writ of habeas corpus, the petitioner did not allege that his judgment was void. On appeal, the petitioner contests the trial court's dismissal of his petition.  Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Tyrone D. Conley, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The facts in the record before us are sparse.  A judgment attached to the petitioner's pleadings reflects that on November 14, 1997, the petitioner pled guilty to second degree murder. He was sentenced as a Range I standard offender to twenty years incarceration with release eligibility after service of thirty percent of his sentence.  Thereafter, on July 27, 1999, the trial court entered an amended judgment which provides that the petitioner was required to serve one hundred percent of his sentence in confinement before becoming eligible for release.

Subsequently, on September 13, 2004, the petitioner filed a petition entitled "Constitutional Challenge to Vacate Invalid Sentence." Therein, the petitioner challenged the trial court's imposition of his twenty-year sentence based upon the Supreme Court's opinion Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). Specifically, the petitioner argued that the trial court erred in failing to have statutory enhancement factors found by a jury; therefore, the trial court should have sentenced him to the minimum sentence of fifteen years. Further, the petitioner complained that the trial court's amendment of the judgment of conviction without consultation with a jury constituted an improper enhancement of his sentence. However, the petitioner acknowledged that he "does not wish to challenge the voluntariness of his guilty plea[]." On September 24, 2004, the petitioner filed an "Amended Constitutional Challenge to Vacate Invalid Sentence." In the amended petition, the petitioner argued that even without considering Blakely,

> [t]he trial court improperly enhanced his sentence by relying upon facts never included in the indictment, decided by a Jury Beyond a Reasonable Doubt during the Plea Process in Violation of petitioner's Sixth and Fourteenth Amendment Jury Trial and Due Process Rights.

On September 30, 2004, the trial court denied the petitions without a hearing. The court found that the petitioner's claims were "in the nature of a post-conviction writ for which the statute of limitations is one year. The time for filing for post-conviction relief has expired." Further, the court found that if the petitioner's complaints were treated as a plea for habeas corpus relief, "[t]his court is of the opinion that Blakely does not have the effect of making a judgment of conviction void, which is a requirement of habeas corpus relief." On appeal, the petitioner challenges the denial of his petitions.

## II. Analysis

Initially, we note that Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

In the instant case, the petitioner alleges that the trial court violated the dictates of Blakely by sentencing him to twenty years at one hundred percent. First, we note that the petitioner's amended judgment of conviction is not void. The trial court was required to sentence the appellant, who pled guilty to second degree murder, to serve one hundred percent of his sentence before being

eligible for release. See Tenn. Code Ann. § 40-35-501(i)(1) and (2)(B) (2003). Further, the trial court was required to begin the petitioner's sentencing determination at the midpoint of the range for a Class A felony, twenty years; therefore, the petitioner received the presumptive sentence as designated by statute. See Tenn. Code Ann. § 40-35-210(c) (2003). Thus, the petitioner was properly sentenced to twenty years with release eligibility after service of one hundred percent of his sentence. The petitioner has not alleged a facially invalid judgment, nor has he alleged that his sentence has expired; therefore, the petitioner's complaints do not entitle him to habeas corpus relief.[1]

Moreover, the petitioner's challenge to the trial court's authority to change his release eligibility should have been addressed as a post-conviction claim because the error renders his judgment voidable, not void. Accordingly, if the petitioner's filings were intended to be petitions for post-conviction relief, the trial court properly found that the complaints were time-barred. "Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). However,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred. . . . Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-102(a) (2003); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). Clearly, the petitions were filed outside the applicable statute of limitations. The record does not reveal any basis on which to toll the statute of limitations.

Finally, we note that recently in State v. Edwin Gomez, __ S.W.3d __, No. M2002-01209-SC-R11-CD, 2005 WL 856848, at *22 (Tenn. at Nashville, Apr. 15, 2005), a majority of our supreme court concluded that, unlike the sentencing scheme discussed in Blakely, "Tennessee's sentencing structure does not violate the Sixth Amendment." Regardless, in the post-conviction setting, this court has previously held that Blakely does not establish a new watershed rule, and that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No.

---

[1] We note that the petitioner has not alleged that the initial grant of release eligibility after service of thirty percent of his sentence was a condition of his plea agreement. Further, the plea agreement is not part of the record for our review.

W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), perm. to appeal denied, (Tenn. 2005); see also Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005), application for perm. to appeal filed, (Mar. 30, 2005). Therefore, even if the petitions were timely, the petitioner is not entitled to relief.[2]

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

---

[2] We note that on appeal, the petitioner has raised numerous grounds for relief that were not raised in the lower court. See State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) ("Ordinarily, issues raised for the first time on appeal are waived."). We have limited our review strictly to the complaints raised in the petitioner's original and amended petitions.