IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 12, 2006

## RICKY DALE MCDONALD v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 05-CR-8708     R. Lee Moore, Jr., Judge**

_____

**No. W2005-02531-CCA-R3-HC  - Filed January 17, 2007**

_____

The petitioner, Ricky Dale McDonald, appeals the denial of his petition for writ of habeas corpus relief. He argues that he is currently held on an expired sentence that should be shortened due to post-conviction relief he was awarded in 1989. After careful review, we conclude that the petitioner is not presently held on an expired sentence and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Ricky Dale McDonald, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Rachel E. Willis, Assistant State Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The petitioner was convicted of second degree burglary in 1975, and was sentenced to serve three to five years in the Department of Correction. That sentence expired on October 2, 1980. He was subsequently convicted of attempt to commit burglary and was sentenced to serve one to three years consecutively to his sentence for second degree burglary. This sentence expired on December 23, 1982. On July 12, 1979, he was convicted of setting fire with intent to burn and was sentenced to serve one to five years in prison. He was awarded post-conviction relief for this conviction on June 30, 1989, and again pled guilty to the charge in exchange for a concurrent sentence rather than the originally imposed consecutive sentence. The original sentence had expired on March 15, 1983. The petitioner was paroled and while on parole status in 1980, he was convicted of simple robbery and sentenced to serve five to ten years. The Department of Correction ordered this sentence to begin on December 15, 1982, and it expired on September 12, 1989. He was convicted of second

degree murder on June 14, 1985, and was sentenced to fifteen years consecutively to his sentence for simple robbery. The sentence for second degree murder expired on November 13, 2004. He was convicted of escape on February 14, 1997, and was sentenced to serve three years consecutively to his sentence for second degree murder. This sentence is scheduled to expire on September 20, 2007. He was also convicted of a second escape on December 13, 2004, and was sentenced to serve one year consecutively to his sentence for his first escape. His sentence for the second escape is set to begin on September 21, 2007, and is scheduled to expire on September 28, 2008.

He filed a pro se "writ of habeas corpus" on July 6, 2005, alleging that he was being illegally detained because his sentences had expired. He specifically asserted that his total effective sentence had been miscalculated because the sentence for his 1979 conviction for setting fire with intent to burn had been converted in 1989 from consecutive service to concurrent service. He claimed that the Department of Correction should have reduced his sentence by five years as a result of the relief he was granted on post-conviction.

The trial court denied his petition for habeas corpus relief on October 10, 2005, stating in pertinent part, "The Petitioner's claim is one for sentence recalculation and is not a proper issue for Habeas Corpus relief." The written order indicates that a hearing was conducted on September 27, 2005, but no transcript of the proceedings has been provided to facilitate appellate review. Counsel was appointed for the petitioner in the trial court, but the petitioner proceeds pro se on appeal.

Analysis

As we understand, the petitioner is seeking habeas corpus relief from the 1979 conviction for setting fire with intent to burn. In 1979, he pled guilty and the trial court ordered that his sentence run consecutively to any other sentence he was serving at the time. In 1989, he was awarded post-conviction relief and the sentence was changed from consecutive service to concurrent service. However, the original sentence had expired in March 1983. In 1989, he was serving time for other convictions.

Specifically, the petitioner argues that five years should be taken off his total effective sentence because of the change in service of sentence for his 1979 conviction from consecutive to concurrent. The State argues that the trial court correctly denied the petition for habeas corpus relief for three reasons: (1) a challenge to the calculation of multiple sentences by the Department of Correction is not cognizable in a habeas corpus proceeding; (2) the judgments imposed for crimes committed while the petitioner was on parole cannot be void judgments because service of those sentences is set by the Board of Probation and Parole and not the trial court; and (3) the petitioner is not currently incarcerated as a result of the judgment for setting fire with intent to burn, the conviction he contests, because it expired in 1983 and was credited as a concurrent sentence in 1989. We agree with the State and affirm the judgment of the trial court.

The grounds upon which habeas corpus relief may be granted in Tennessee are narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Relief will be granted if the petitioner

establishes that the challenged judgment is void. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). A void or illegal sentence is one whose imposition directly contravenes a statute. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. T.C.A. § 29-21-109 (2000); Hickman, 153 S.W.3d at 20.

The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner, as we understand his argument, is not asserting that his sentences were illegal or based on void judgments, he merely asserts that they have been miscalculated and should have expired based on the change of the sentence from his conviction of setting a fire with intent to burn from a consecutive sentence to a concurrent sentence. However, the petitioner is not currently restrained of his liberty by that conviction, and we can grant no relief. See Hickman v. State, 153 S.W.3d 16 (Tenn. 2004). After a thorough review of the record, we conclude that the petitioner is still serving his sentences for two convictions of escape and that those petitions have not expired. He is not entitled to relief. The conviction he challenges has no effect on the sentence that he currently serves. He has failed to carry his burden of establishing that he is illegally confined.

We further conclude that the petitioner is challenging the calculation of his effective sentence, which must be challenged in an administrative proceeding rather than a habeas corpus action. See Norton v. Everhart, 895 S.W.2d 317, 321-22 (Tenn. 1995). In his brief, the petitioner cites to this court's decision in Cole v. Turner, No. W2002-02421-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 573, at *3 (Tenn. Crim. App. June 18, 2003, at Jackson), to support his contention that challenging a sentence reduction is proper in a habeas corpus action. Our review of Cole reveals a contrary view. This court plainly concluded that the Uniform Administrative Procedures Act, rather than a habeas proceeding, is the proper vehicle for challenging a denial of sentence reduction credits. Cole, 2003 Tenn. Crim. App. LEXIS 573, at *3. Accordingly, the trial court properly denied the petitioner's petition for habeas corpus relief.

Conclusion

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE