IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2008

## KENNETH PAUL DYKAS v. DAVID MILLS, Warden

**Direct Appeal from the Criminal Court for Morgan County**
**No. 9351     E. Eugene Eblen, Judge**

_____

**No. E2007-02230-CCA-R3-HC - Filed March 31, 2008**

_____

The Petitioner, Kenneth Paul Dykas, was convicted by a jury of first degree premeditated murder, especially aggravated robbery, and conspiracy to commit especially aggravated robbery and sentenced to life without the possibility of parole plus twenty-four years. This Court affirmed those judgments on direct appeal.[1] He filed a petition for post-conviction relief claiming he failed to receive the effective assistance of counsel because counsel allegedly failed to properly strike a juror, failed to prepare him for trial, and failed to prepare a witness for examination. The post-conviction court dismissed the petition, and we affirmed that decision.[2] The Petitioner subsequently filed a petition for habeas corpus relief, again claiming that his trial counsel was ineffective for failing to properly strike a juror and for failing to object to a jury instruction. The habeas court dismissed the petition, and, after a thorough review, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Kenneth Paul Dykas, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; John Bledsoe, Senior Counsel; Deshea Dulany, Assistant Attorney General, for the Appellee, the State of Tennessee.

### OPINION

---

[1]*See State v. Kenneth Paul Dykas*, No. M2000-01665-CCA-R3-CD, 2002 WL 340600, at *1-15 (Tenn. Crim. App., at Nashville, Mar. 5, 2002), *perm. app. denied* (Tenn. July 15, 2002).

[2]*See Kenneth Paul Dykas v. State*, No. M2003-01490-CCA-R3-PC, 2004 WL 300105, at *1-4 (Tenn. Crim. App., at Nashville, Feb. 17, 2004), *perm. app. denied* (Tenn. June 14, 2004).

## I. Analysis

The State filed a motion to dismiss the petition because the petition did not state a cognizable habeas corpus claim, and that motion was granted without a hearing. Accordingly, there is no testimony or argument to summarize from the habeas court. On appeal, the Petitioner asserts the habeas court erred in concluding his habeas corpus petition did not state a cognizable habeas corpus claim.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, — S.W.3d —, 2008 WL 160695, at *3 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The Petitioner's complaint, that his counsel was ineffective, is a classic claim that his judgment is voidable, not void, because it requires proof beyond the face of the record. There is no allegation that the trial court did not have jurisdiction or authority to sentence the petitioner or that his sentence has expired. This claim is not one proper for a habeas corpus proceeding. Thus, the habeas court was correct to summarily deny the petition. *See State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964).

## II. Conclusion

After due consideration of the issues, we conclude that the habeas court did not err in dismissing the Petitioner's petition for habeas corpus relief. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE

2