# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## RAYMOND WRITER v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5173     Lynn W. Brown, Judge**

---

**No. E2008-00127-CCA-R3-HC - Filed February 11, 2009**

---

The petitioner, Raymond Writer, filed in the Johnson County Criminal Court a petition for a writ of habeas corpus, alleging that his sentence was void because the trial court did not follow the dictates of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004).  The habeas corpus court dismissed the petition, finding that the petitioner did not allege a ground upon which habeas corpus relief could be granted.  On appeal, the petitioner challenges the habeas corpus court's ruling.  In response, the State filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  After review, we conclude that the petition was properly dismissed.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Raymond Writer, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner, Raymond Writer, was convicted by a Sullivan County Criminal Court Jury of rape of a child, the victim being his girlfriend's four-year-old grandson. <u>State v. Raymond Writer</u>, No. E2001-01062-CCA-R3-CD, 2003 WL 21339255, at *1 (Tenn. Crim. App. at Knoxville, June 10, 2003).  Following the petitioner's conviction, the trial court imposed a sentence of twenty-five years, one hundred percent of which was to be served in confinement. <u>Id.</u>  The petitioner appealed, and this court affirmed his convictions and sentences. <u>Id.</u>  Subsequently, the petitioner filed for post-conviction relief.  On appeal, this court upheld the lower court's denial of post-conviction relief. <u>See</u> <u>Raymond Writer v. State</u>, No. E2006-00770-CCA-R3-PC, 2007 WL 763223, at *1 (Tenn. Crim. App. at Knoxville, Mar. 14, 2007), <u>perm. to appeal denied</u>, (Tenn. 2007).

Thereafter, the petitioner filed a petition for a writ of habeas corpus, alleging that his sentence was void because the trial court erred by applying enhancement factors that were not admitted by him or found by a jury in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The State filed a motion to dismiss the petition, arguing that a Blakely claim was not cognizable in a habeas corpus proceeding and that such an error, at best, would render the petitioner's sentence voidable, not void. The habeas corpus court dismissed the petition, finding that the petitioner failed to allege anything that would render his sentence void nor did he allege that his sentence had expired. On appeal, the petitioner contends that the habeas corpus court erred in dismissing his petition.

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citation omitted).

The petitioner's sole complaint is that his sentence, as imposed, violates Blakely. However, this court has repeatedly stated that Blakely does not apply retroactively to cases on collateral appeal. See James C. Johnson v. Tony Parker, Warden, No. W2005-01570-CCA-R3-HC, 2006 WL 1168830, at *3 (Tenn. Crim. App. at Jackson, May 2, 2006); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005). The petitioner is not entitled to relief on this issue.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE