IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2001

# ROBERT A. ATKINS v. JAMES M. DUKES, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5497      Joseph H. Walker, Judge**

---

**No. W2001-01311-CCA-R3-CD - Filed January 8, 2002**

---

The petitioner, Robert A. Atkins, appeals the summary dismissal of his petition for writ of habeas corpus by the Lauderdale County Circuit Court. Following a thorough review of the record and applicable law, we reverse the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Robert A. Atkins, Henning, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter; and Peter M. Coughlan, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

The record on appeal is somewhat sparse. However, we have gleaned from it the following procedural history which led to Petitioner's request for habeas corpus relief. In 1985, Petitioner was convicted of second degree murder and a sentence of twenty years was imposed. He was subsequently arrested on felony drug charges, committed while he was on parole for the murder conviction. Petitioner pled guilty to three felony drug offenses and received a sentence of three years and six months for each offense. The trial court ordered the drug offense sentences to be served concurrently with each other. Pertinent to the habeas corpus petition, and this appeal, the convicting court further ordered that the felony drug offense sentences be served *concurrently* with his sentence for second degree murder. Apparently, his parole relating to the murder case was revoked. At some point, the Department of Correction then notified Petitioner that all three sentences for the felony drug convictions must be served *consecutively* to the sentence for second degree murder.

On April 18, 2001, Petitioner filed his petition for writ of habeas corpus which alleged the following: (1) the order imposing concurrent sentencing pursuant to Petitioner's negotiated plea agreement directly contravenes Tennessee Code Annotated section 40-28-123 and is, therefore, illegal; (2) even though concurrent sentences are illegal, the Tennessee Department of Correction is not vested with the authority to modify or alter his sentences to run consecutively; (3) Petitioner is entitled to immediate release because his sentence for the murder conviction has expired; and (4) the Tennessee Department of Correction erred by failing to apply 282 days of jail credit to Petitioner's sentence, as ordered in the judgment pertaining to his felony drug possession/sale convictions.

In an order dated April 20, 2001, the Lauderdale County Circuit Court dismissed the petition and concluded the following: (1) time credits are "internal departmental matters" which are inappropriate for a habeas corpus proceeding and must be addressed via procedures set forth in the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-101 to -324; (2) habeas corpus relief is available only in cases where the defendant's sentence has expired or when it appears on the face of the judgment or in the record of the underlying proceedings that a convicting court was without jurisdiction or authority to sentence a defendant, thereby rendering the judgment void, and Petitioner did not allege either ground in his petition; and (3) since habeas corpus relief is inappropriate, and the Lauderdale County Circuit Court was not the proper court in which to file a claim for post-conviction relief, the petition must be dismissed.

In this appeal, Petitioner challenges the circuit court's summary dismissal of his petition for writ of habeas corpus, restating the following allegations contained therein: (1) Petitioner was sentenced in direct contravention of Tennessee Code Annotated section 40-28-123, which effectively "nullifies" the judgment concerning his felony drug offenses; (2) the Tennessee Department of Correction unlawfully modified Petitioner's sentence to require that he serve the sentence for his recent felony drug offenses consecutively to his previous sentence, rather than concurrently as provided in his negotiated plea agreement; and (3) since Petitioner's original sentence has expired and the alteration of his sentence agreement was unlawful, his continued detention is also unlawful and immediate release is warranted. For the reasons which follow, we reverse the judgment of the circuit court and remand this matter for further proceedings consistent with this opinion.

**Analysis**

The determination whether habeas corpus relief is proper is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing Hart v. State, 21 S.W.2d 901, 903 (Tenn. 2000)). Thus, our review is de novo, with no presumption of correctness given to the findings of the lower court. Id.

The grounds upon which habeas corpus relief is warranted are decidedly narrow. The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge

judgments that are void, and not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. (citations omitted). By contrast, a voidable conviction or sentence is one which is facially valid, and thus requires proof beyond the face of the record or judgment to establish its invalidity. Id. The burden of proof that the judgment or sentence is "void," rather than "voidable," rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

As relevant here, our supreme court has recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Thus, we first note that if it was true that Petitioner was on parole when he committed the felony drug offenses for which he pled guilty, concurrent sentences would be in direct contravention of Tennessee Code Annotated section 40-28-123, which provides in pertinent part the following:

> Any prisoner who is convicted in this state of a felony, *committed while on parole* from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine *before* the prisoner commences serving the sentence received for the felony committed while on parole.

Tenn. Code Ann. § 40-28-123(a) (1997) (emphasis added); see also Tenn. R. Crim. P. 32(c)(3)(A).

The recent decision by our supreme court in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), is directly on point and controls disposition of the case sub judice. In that case, the supreme court specifically held that "if the face of the judgment or the record of the underlying proceedings shows that the concurrent sentence is illegal, such sentence creates a void judgment for which habeas corpus relief is available." Id. at 91.

According to the allegations of the petition in this case, concurrent sentencing was ordered in direct contravention of a statute requiring consecutive sentencing. This situation mirrors that presented to the supreme court in McLaney. Thus, we conclude that the relief granted in McLaney is the relief appropriate for this case. Specifically, the supreme court in McLaney held:

> If [the petitioner's] allegations that the latter offenses were committed while he was on bail are proven in the record of the underlying convictions, then the sentence is void and the habeas corpus court is mandated by statute to declare it so. If the sentence is void, then either the plea may be withdrawn or the conviction remains intact. If the plea is withdrawn, then [the petitioner] would be ordered held to bail pending prosecution for the offense; if the conviction remained intact, then he would be committed to custody pending resentencing. Thus, there is legal cause for

continued detention pending further proceedings. Therefore, the habeas corpus court would be required, after voiding the judgment, to remand the case to the trial court . . . for further appropriate action.

Id. at 94-95 (citations omitted).

We note that even though the defendant in McLaney was granted concurrent sentences for a felony committed while on bail for another felony conviction, the result is the same under the statute providing for conviction of a felony committed while on parole for a prior felony conviction. Compare Tenn. Code Ann. § 40-20-111(b), and Tenn. R. Crim. P. 32(c)(3)(C), with Tenn. Code Ann. § 40-28-123(a), and Tenn. R. Crim. P. 32(c)(3)(A). Further, we note that the order of concurrent sentencing in the felony drug convictions would not affect the validity of the murder conviction.

Therefore, the judgment of the trial court summarily dismissing the petition for writ of habeas corpus in Petitioner's case is reversed, and this case is remanded to the Circuit Court of Lauderdale County for appointment of counsel and an evidentiary hearing. At the evidentiary hearing, the trial court must determine whether Petitioner committed the felony drug offenses while he was on parole for the prior felony conviction of murder. If the trial court is satisfied that Petitioner committed the felony drug offenses while on parole for a prior felony conviction, then the sentences for the felony drug convictions are void and the habeas corpus court is mandated to declare it so. In doing such, the habeas corpus court must then remand the case to the Criminal Court of Shelby County, where the drug convictions arose. In that court, Petitioner may withdraw his guilty pleas to the felony drug offenses. If the pleas are withdrawn, he may be ordered held to bail pending prosecution for those offenses. If he chooses not to withdraw his guilty pleas, the convictions shall remain intact, and the Petitioner would be committed to custody pending resentencing.

Petitioner also argues in his brief that the trial court erred by failing to rule that the Tennessee Department of Correction illegally "altered" his sentence in direct contravention of the judgment ordering concurrent sentences. However, Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure, captioned "Mandatory Consecutive Sentences," provides as follows:

Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court *and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not.* This rule shall apply: (A) to a sentence for a felony committed while on parole for a felony; (B) to a sentence for escape or for a felony committed while on escape; (C) to a sentence

-4-

for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and (D) any other ground provided by law.

(Emphasis added). Therefore, by rule, the Department of Correction was required to treat the sentences as consecutive, "whether the judgment explicitly so orders or not."

Finally, Petitioner argues that both his sentences for murder and for the felony drug sentences have "expired." However, the record, in its present status, does not reflect same.

While Petitioner states in his brief that he was "indicted *and* sentenced" (emphasis added), to serve twenty years for a second degree murder offense on April 30, 1985, there is no other documentation in the record which clearly reflects the date of his conviction for second degree murder. In fact, certain documents attached to the petition as "exhibits" indicate the second degree murder offense was committed in April 1985. In any event, the record does not permit a conclusive determination that the sentence for second degree murder has expired. Given that the law requires consecutive sentencing, the additional three and one-half year sentences for the felony drug offenses received for these convictions in April 1999 have, likewise, not expired. Therefore, Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the Lauderdale Circuit Court summarily dismissing the petition for writ of habeas corps is reversed. This case is remanded for appointment of counsel and for an evidentiary hearing in compliance with McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). If, following the hearing, the trial court determines that the felony drug conviction judgments are void pursuant to McLaney, the habeas corpus court must remand the felony drug cases to the Criminal Court of Shelby County for proceedings consistent with the supreme court's opinion in McLaney.

_____
THOMAS T. WOODALL, JUDGE