# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## TYRONE E. MONTGOMERY v. STATE OF TENNESSEE, ET AL.

**Appeal from the Criminal Court for Hamilton County**
**No. 282155     Don W. Poole, Judge**

**Appeal from the Circuit Court of Morgan County**
**No. 2012-CR-43     E. Eugene Eblen, Judge**

---

**No. E2011-02629-CCA-R3-HC - Filed September 13, 2013**

---

In this consolidated appeal, the pro se petitioner, Tyrone E. Montgomery, appeals as of right from the Hamilton County Criminal Court and the Morgan County Circuit Court's orders denying his petitions for writs of habeas corpus. In case number E2011-02629-CCA-R3-HC, the State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the Hamilton County Criminal Court. Because the petitions raise identical claims, we also affirm the judgment of the Morgan County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgments of the Criminal and Circuit Courts Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Tyrone E. Montgomery, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe and Lacy Elaine Wilber, Assistant Attorneys General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On October 5, 1987, the Hamilton County Criminal Court entered a judgment

convicting the petitioner of premeditated first degree murder and imposing a sentence of life imprisonment. This court affirmed the petitioner's conviction on direct appeal. *State v. Tyrone Montgomery*, No. 999 (Tenn. Crim. App., at Knoxville, Apr. 16, 1987), *perm. app. denied* (Tenn. June 8, 1987).

On November 17, 2011, the petitioner filed a petition for writ of habeas corpus in the Hamilton County Criminal Court alleging that his conviction of first degree murder is void as a result of the ineffective assistance of counsel at trial, the violation of the petitioner's Fifth Amendment rights during interrogation, and the violation of the petitioner's due process rights based upon an allegation of juror misconduct. The petitioner failed to attach to his petition for relief a copy of the judgment under attack. The petitioner also failed to list previous petitions for relief. Accordingly, on November 29, 2011, the trial court summarily dismissed the petition based upon the petitioner's filing the petition in the court of conviction rather than the court most convenient to the petitioner, the procedural omissions in the petition, and the failure to state a cognizable claim. The petitioner filed a timely notice of appeal from the Hamilton County Criminal Court's order, and the case was docketed in this court in case number E2011-02629-CCA-R3-HC. On January 5, 2012, the petitioner filed his principal brief. On March 12, 2012, the State filed a motion to affirm the judgment of the trial court pursuant to Rule 20 of this court's rules. *See* Tenn. Ct. Crim. App. R. 20.

On February 22, 2012, while the appeal in case number E2011-02629-CCA-R3-HC was pending, the petitioner filed an identical petition for writ of habeas corpus relief in the Morgan County Circuit Court, which is the county of his incarceration. With this petition, however, the petitioner included attachments consisting of previous petitions for habeas corpus relief. One previous petition contained a copy of the 1987 judgment of conviction. On April 18, 2012, the trial court denied the petition for failure to state a cognizable claim. The petitioner filed a timely notice of appeal to this court, and, on May 10, 2012, the petitioner filed a motion to consolidate the appeals pursuant to Tennessee Rule of Appellate Procedure 16(b). In consideration of the identical petitions filed in these cases, we granted the petitioner's motion to consolidate the appeals. *See* Tenn. R. App. P. 16(b) (providing "[w]hen separate appeals involving a common question of law or common facts are pending before the appellate court, the appeals may be consolidated by order of the appellate court on its own motion or on the motion for a party"). Due to the similarity of issues presented in each case, we also determine that review pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeal is appropriate in this case.

Generally, the determination of whether to grant habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence

is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt*, 24 S.W.3d at 322; *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

As an initial matter, we note that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or

satisfactory reasons be given for the failure so to do.

Here, the petitioner failed to attach the judgment to his petition, as is required by subsection (b)(2). "[S]ummary dismissal may be proper when . . . the petitioner fails to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support his factual claim." *Summers*, 212 S.W.3d at 254.

Turning first to the petition filed in Hamilton County Criminal Court, the State correctly notes that the petitioner failed to file his petition in the court most convenient to the petitioner as required by Code section 29-21-105. Tenn. Code Ann. §29-21-105 (providing that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge"). Likewise, the petitioner failed to attach a copy of the judgment to his petition. Both of these shortcomings support the trial court's summary dismissal of the petition.

Even if we looked beyond the petitioner's procedural errors, however, he fares no better because the petition failed to state a cognizable claim for habeas relief. A claim of ineffective assistance of counsel, at best, renders a challenged judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Similarly, claims of violations of a petitioner's Fifth Amendment rights and due process rights are not cognizable in a habeas corpus proceeding. *See Frederick B. Zonge v. State*, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App., at Knoxville, Dec. 16, 1999) (stating that "alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. Jun. 26, 2000). Therefore, we conclude that the Hamilton County Criminal Court properly denied habeas corpus relief.

Turning now to the petition filed in Morgan County Circuit Court, although the petitioner complied with the procedural requirements by filing his petition in the county where he was incarcerated and attaching relevant pleadings to his petition, the petition raises claims identical to those raised in the Hamilton County pleading. As previously explained, these claims are not cognizable in a habeas corpus proceeding. Therefore, we also conclude that the Morgan County Circuit Court properly denied habeas corpus relief.

Accordingly, we affirm the judgments of the Hamilton County Criminal Court and the Morgan County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE

-4-