IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 2000 Session, Heard at Nashville

## JONATHAN STEPHENSON v. HOWARD CARLTON, WARDEN, ET AL.

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Johnson County**
**No. 3207     Lynn W. Brown, Judge**

---

**No. E1998-00202-SC-R11-CD - Filed September 21, 2000**

---

We granted this appeal to determine whether the appellant's sentence of life without parole for first-degree murder was an illegal sentence and, if so, whether the appellant was entitled to habeas corpus relief.  The trial court dismissed the petition for habeas corpus and the Court of Criminal Appeals affirmed.  We conclude, and the State concedes, that the sentence of life without parole was not a statutorily authorized punishment at the time the appellant committed the offense of first-degree murder and that the illegal sentence was properly challenged in a habeas corpus petition.  We reverse the judgment of the Court of Criminal Appeals and remand the case to the trial court for further proceedings.

**Tenn. R. App. 11 Appeal by Permission; Judgment of the Court of Criminal**
**Appeals Reversed; Case Remanded to Trial Court**

E. RILEY ANDERSON, C. J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Jonathan Stephenson.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Kathy Morante, Deputy Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

We granted this appeal to determine whether the appellant's sentence of life without parole for first-degree murder was an illegal sentence and, if so, whether the appellant was entitled to habeas corpus relief.

The trial court dismissed the petition for habeas corpus. The Court of Criminal Appeals affirmed the dismissal after concluding that the petition did not state a basis for habeas corpus relief and that the petition, if treated as a suit for post-conviction relief, was barred by the statute of limitations.[1]

After reviewing applicable authority, we conclude, and the State of Tennessee concedes, that the sentence of life without parole was not a statutorily authorized punishment at the time the appellant committed the offense of first-degree murder. The sentence was, therefore, illegal and properly challenged in a habeas corpus petition. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to the trial court for further proceedings. Our holding does not, however, affect the appellant's separate conviction and 60-year sentence for the offense of conspiracy to commit first-degree murder.

## BACKGROUND

The appellant, Jonathan Stephenson, was convicted of first-degree murder and conspiracy to commit first-degree murder in 1990. The jury imposed a sentence of death for the first-degree murder conviction and the trial court imposed a consecutive 25-year sentence for the conspiracy conviction.

This Court affirmed both convictions on appeal, but remanded for resentencing due to a fundamental error that occurred in the sentencing phase of trial, which rendered the jury's verdict a nullity. State v. Stephenson, 878 S.W.2d 530, 556 (Tenn. 1994)[2]. On remand, the parties reached an agreement by which Stephenson was sentenced to life without parole for the first-degree murder offense and to 60 years for the conspiracy offense. In 1998, Stephenson filed this habeas corpus suit challenging, among other grounds, the sentence of life without parole.

## ANALYSIS

## Habeas Corpus

---

[1] The Post-Conviction Procedure Act states that a petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a) (Supp. 1996).

[2] The trial court instructed the jury that to impose a death sentence, it must find that evidence of aggravating circumstances must outweigh mitigating evidence. The applicable statute required, however, that the evidence of aggravating circumstances outweigh mitigating evidence "*beyond a reasonable doubt.*" Tenn. Code Ann. § 39-13-204(g)(2)(B) (1991) (emphasis added). Moreover, the jury was given an invalid verdict form that did not accurately reflect the law in this regard. Stephenson, 878 S.W.2d at 555-56.

The grounds upon which habeas corpus relief is warranted are narrow. The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge judgments that are void and not merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

## Life Without Parole

Prior to 1993, there were but two possible punishments for the offense of first-degree murder: life imprisonment (with the possibility of parole) or the death penalty. Tenn. Code Ann. § 39-13-202(b) (1991). The legislature in 1993 created a third possible punishment for the offense: life without parole. Tenn. Code Ann. § 39-13-202(c) (Supp. 1996). The new sentencing option was made applicable to offenses committed on or after July 1, 1993. See 1993 Tenn. Pub. Acts, ch. 473, § 1.

In State v. Cauthern, 967 S.W.2d 726 (Tenn. 1998), we addressed the issue of whether a defendant who committed a first-degree murder prior to July 1, 1993, may be sentenced to life without parole. We held:

> We conclude that the specific enabling provision of the 1993 act, which clearly states that the amendment applies to all offenses committed *on or after* July 1, 1993, controls, as a matter of statutory construction . . . . The defendant's crime occurred well before July 1, 1993. The statute in effect at that time . . . provided that upon the grant of a new trial, the available sentencing options were life imprisonment and death. There is no indication that the legislature intended that the option of life without parole apply retrospectively to offenses occurring before July 1, 1993. [Citation omitted]. *Accordingly, . . . , the trial court lacked the statutory authority to instruct the jury that life without possibility of parole was a sentencing option in this case.*

Id. at 735-36 (emphasis added).

The first-degree murder committed by Stephenson occurred on December 3, 1989, well before July 1, 1993, when there were but two penalties for the offense: life imprisonment with the possibility of parole and the death penalty. The sentence of life without parole was not an option. The statute that has since created the punishment of life without parole was specifically limited to offenses committed after the date of July 1, 1993. As there was no statutory basis for a life without

-3-

parole sentence as applied to Stephenson, the sentence was, therefore, illegal. Moreover, the parties cannot by agreement salvage an illegal sentence or otherwise create authority for the imposition of a sentence that has not been authorized by statute. McConnell v. State, 12 S.W.3d 795, 799 (Tenn. 2000).

Accordingly, as the State of Tennessee concedes, the possible punishments for the first-degree murder committed by Stephenson were life imprisonment with the possibility of parole and death. The sentence of life without parole was not authorized by statute and was not a legal sentencing option. The sentence was illegal and void, notwithstanding the agreement between the parties, and was properly challenged in a habeas corpus petition.

## CONCLUSION

We conclude that Stephenson's sentence of life without parole for first-degree murder was an illegal sentence because it was not a statutorily authorized punishment at the time of the offense. The sentence was therefore illegal and void and was properly challenged in the petition for habeas corpus.[3]

The judgment of the Court of Criminal Appeals is reversed, and this case is remanded to the trial court for further proceedings. Costs of the appeal are assessed to the State of Tennessee.

_____
E. RILEY ANDERSON, CHIEF JUSTICE

---

[3] This ruling does not affect Stephenson's separate conviction and 60-year sentence for the offense of conspiracy to commit first-degree murder. Contrary to Stephenson's assertion in this matter, this Court remanded both the first-degree murder and conspiracy convictions for further proceedings following the direct appeal. Stephenson, 878 S.W.2d at 556-57. Moreover, although Stephenson did not raise this issue in the trial court, we note that the sentence imposed for the conspiracy was not void or illegal. See McConnell, 12 S.W.3d at 798.