IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2001

## JEFFREY MILLER v. STATE OF TENNESSEE

Appeal from the Criminal Court for Meigs County
No. 2703A     Eugene Eblen, Judge

No. E2000-01192-CCA-R3-CD
August 29, 2001

Jeffrey Miller appeals the Meigs County Criminal Court's dismissal of his petitions for writ of error *coram nobis* and writ of *habeas corpus*. Both petitions seek redress for Miller's grievance that he has been required to serve felony sentences in the Department of Correction, although his plea agreements designated the location of confinement to be the Meigs County Jail. Because neither *coram nobis* nor *habeas corpus* relief is available to address a concern of this nature and because the petitioner's claims are factually unfounded, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

William B. McKenzie, Decatur, Tennessee, for the Appellant, Jeffrey Miller.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; J. Scott McCluen, District Attorney General; Frank Harvey and Dennis Humphrey, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

On August 27, 1996, Jeffrey Miller pleaded guilty to burglary and theft in Meigs County case number 2703A. The plea agreement called for four-year sentences for both offenses, to be served concurrently to each other but consecutively to the sentence in case number 2727. On the same date, Miller also pleaded guilty in case 2727 to aggravated burglary and theft. That plea agreement called for three-year sentences to be served concurrently to each other but consecutively to case number 2703.[1] Thereafter, the lower court conducted a hearing to determine the manner of

---

[1]The plea agreement in case number 2727 references consecutive sentencing with case number "2703." We
(continued...)

service of these sentences and ultimately imposed incarceration in the Department of Correction. However, the defendant was allowed to remain in the Meigs County Jail until he escaped in May 1997. After his recapture, he was returned to the Meigs County Jail for a brief period of time and then transferred to the Department of Correction. He pleaded guilty to escape on December 17, 1997, and he was sentenced to serve an additional year in the Department of Correction consecutively to his existing sentences.

On March 31, 2000, Miller filed a petition for writ of *habeas corpus*, and on a date not reflected in the record, he apparently filed a petition for writ of error *coram nobis*.[2] The tenor of both petitions is that following his escape from the Meigs County Jail, Miller was "resentenced" to the Department of Correction without having been afforded a hearing. Miller claimed in the petitions that his prior plea agreements called for him to serve his time in the Meigs County Jail.

The trial court thereafter conducted a hearing. Miller's testimony was somewhat contradictory. He testified that the judgments in his burglary, aggravated burglary and theft cases had been "altered," and he had actually been "sentenced to the county jail." He then acknowledged that there had been no written agreement that he would serve his sentences in the Meigs County Jail, although his understanding was that he would be able to do so.[3] The petitioner asked the court to modify his sentence to "some kind of alternative sentencing." At the conclusion of the hearing, the court denied relief.

On appeal, Miller argues that due to the "resentencing" without a hearing, the lower court should have modified his sentence under Code section 40-35-314(c) to permit local jail service. He further argues that the court erred in failing to set aside the plea agreements based upon a finding that they were voided by his transfer to the Department of Correction.

In order to determine whether Miller may obtain the relief requested, we must examine the types of action which are before the court, a petition for the writ of error *coram nobis* and a petition for the writ of *habeas corpus*.

With respect to the writ of error *coram nobis*, the Code provides

---

[1](...continued)
presume this reference is to the case referenced elsewhere in the record as number 2703A.

[2]Such a document appears in the record certified to this court by the clerk of the lower court, although it does not bear a file stamp indicating the date on which it was filed in the lower court. The petitioner affixed his signature to it on May 26, 1999, and the state filed a motion to dismiss the petition on August 9, 1999. We therefore presume that the petition was filed sometime between these two dates.

[3]He also claimed that he had an oral agreement with "Amy" in McMinn County that he would serve sentences from McMinn County that were concurrent with the Meigs County sentences in the Meigs County Jail. The petitions adjudicated below and this appeal do not, however, address any complaints the petitioner may have about the location of service of his McMinn County sentences.

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105 (1997). In this case, the petitioner's claim, even if taken as true, does not fit within the category of cognizable claims. He is not seeking to bring new evidence before the court which might have had an effect on the judgment. Further, the petitioner did not have a trial, and the statute contemplates *coram nobis* relief upon discovery of evidence that might have been presented "at trial." *Id. Coram nobis* relief, therefore, cannot lie.[4]

*Habeas corpus* relief addresses detentions that result from void judgments or expired sentences. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A sentencing "judgment is void if the face of the judgment reveals that the court was without jurisdiction or authority to issue it." *State v. Donald Ree Jones*, No. M2000-00381-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Nashville, Oct. 13, 2000). Moreover, a claim that merely asserts a void sentence, even though it may not assert a void conviction, is cognizable as a *habeas corpus* proceeding. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding).

The defendant in this case does not argue that his sentence is expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. In that regard, a claim that his plea bargain agreement was not honored in the judgment entered or sentence imposed presents at most a claim of a merely voidable, and not void, judgment or sentence. *See Paul Barnett v. State*, No. E1999-01583-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, June 20, 2000) (allegation did not rise to level of void sentence where petitioner claimed that he agreed to three-year sentence, but judgment was altered without his knowledge to reflect five-year sentence); *cf. Paul G. Hull v. State*, No. 02C01-9605-CC-00183, slip op. at 3-4 (Tenn. Crim. App., Jackson, June 24, 1997) (allegation that state failed to abide by terms of plea agreement did not present cognizable *habeas corpus* claim).

We therefore conclude that the petitioner's claim was cognizable neither in a petition for writ of error *coram nobis* nor petition for writ of *habeas corpus*. For that reason alone, the lower court properly dismissed the petitions.

---

[4] The state also claims that the petition is untimely. A petition for the writ of error *coram nobis* must be filed within one year of the date on which the trial court's judgment becomes final, *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999), although due process may require that the statute of limitations be tolled in certain circumstances. *Workman v. State*, 41 S.W.3d 100 (Tenn. 2001). Because the claim presented is not a cognizable one for *coram nobis* relief, it is unnecessary for us to decide whether it was timely.

Furthermore, the petitioner failed to establish the factual premises which he claims would entitle him to relief. His *habeas corpus* petition alleges that his "pleas [sic] agreement specifically states he was to be incarcerated in the county facility." His *coram nobis* petition alleges that "his plea agreement sentencing judgement [sic] for 2703A and 2727 was changed from him serving time in [the Meigs County] Jail, and [he] was resentenced to T.D.O.C., without his knowledge, consent or any hearing." Neither allegation was proven at the hearing. To the contrary, the petitioner himself testified that there was not a written agreement that he would serve his sentence in the local jail. He offered no proof other than his uncorroborated testimony that the judgments had been altered, and that testimony was discredited by contrary evidence in the form of the transcript of the plea submission and sentencing hearings at which the court ordered service of the sentences in the Department of Correction. Thus, the petitioner's failure to establish a factual basis upon which the lower court could grant relief provides an additional justification for the lower court's ruling. *See Bobby Lee Tate v. State*, No. E2000-00796-CCA-R3-CD (Tenn. Crim. App., Knoxville, Dec. 6, 2000) (appellate court affirmed lower court's dismissal of "Motion to Vacate Judgment" countenanced as petition for writ of *habeas corpus* because petitioner failed to establish factual premise for his claim).

We have also considered whether Miller's complaint is cognizable as a motion to correct or reduce sentence under Tennessee Rule of Criminal Procedure 35. We conclude that it is not. That rule contains a 120-day time limit within which the court may act, and the judgments of which Miller complains were entered years before his petitions were filed.

Finally, we have rejected the petitioner's argument in his brief that the trial court should have addressed the remainder of his sentences under Code section 40-35-314(c). That provision allows the trial court to retain jurisdiction over a defendant during the time that such individual is confined in the local jail. Tenn. Code Ann. § 40-35-314(c) (1997). Such jurisdiction allows the trial court to reduce or modify a sentence or allow probation supervision. *Id.* As stated above, the petitioner was sentenced to the Department of Correction, and the lower court therefore had no jurisdiction under this Code section to adjust the defendant's remaining sentences.

For these reasons, we affirm the Meigs County Criminal Court's dismissal of the petitions for writ of error *coram nobis* and writ of *habeas corpus*.

_____
JAMES CURWOOD WITT, JR., JUDGE