IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2002

## R. B. TOBY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Sevier County**
**No. 5435, 5522    Rex Henry Ogle, Judge**

_____

**No. E2000-03127-CCA-R3-PC**
**September 11, 2002**
_____

The appellant filed a Motion to Vacate an Illegal Sentence. The trial judge treated the motion as a petition for post-conviction relief and dismissed the case as time barred. In this appeal, the appellant claims the actions of the trial court were erroneous. We respectfully disagree. The judgment of the trial court is affirmed.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

R. B. Toby, _pro se_, Mountain City, Tennessee.

Paul G. Summers, Attorney General & Reporter; Laura McMullen Ford, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Charles Atchley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 13, 1994, the appellant pleaded guilty to two counts of vehicular homicide, one count of vehicular assault, and one count of violating the Habitual Motor Vehicle Act. He was sentenced as a Range II offender to two concurrent ten-year sentences for the vehicular homicides, a sentence of five years for the vehicular assault, and four years for violating the habitual motor vehicle law. These latter two sentences were ordered to run concurrently to each other, but consecutively to the vehicular homicide convictions. The appellant did not appeal these sentences. However, on October 23, 1996, he filed a petition for post-conviction relief. The trial court dismissed the petition as time barred. On August 17, 1998, pursuant to Rule 20, Rules of the Court of Criminal Appeals, this Court affirmed that dismissal, holding that indeed the petition was barred by the applicable statute of limitations, Tennessee Code Annotated section 40-30-202(b). R.B. Toby v. State, No. 03C01-9711-CC-00507 (Tenn. Crim. App. at Knoxville, Aug. 17, 1998) (no LEXIS citation available).

On July 21, 2000, the appellant filed a document he styled as a Motion to Vacate an Illegal Sentence. In that motion he alleges that his sentence as a Range II offender is illegal because the pleas he entered were involuntary in that he did not know he was receiving a sentence outside his actual offender range. He concedes the sentence is legal for a Range II offender. The appellant also alleges that the consecutive sentences are illegal because the trial court allegedly failed to make the appropriate findings for consecutive sentencing. The trial court treated the motion to vacate as a post-conviction petition and dismissed the appellant's claims as time barred. On appeal the appellant claims this was error in that his pleading is actually a petition for the writ of habeas corpus seeking to set aside an illegal sentence pursuant to the Tennessee Supreme Court's opinion in Stephenson v. Carlton, 28 S.W.3d 910 (Tenn. 2000).

Post-Conviction Petition/Habeas Corpus

The trial court properly treated the appellant's motion as a petition for post-conviction relief. As noted earlier the appellant's allegations that his Range II sentence and consecutive sentences are illegal depend on proof as to the appellant's understanding of his plea and its consequences, as well as an examination of his record and the trial court's findings concerning the appropriateness of consecutive sentencing. The Tennessee Supreme Court has held that this is a situation where only post-conviction relief, not habeas corpus relief, is appropriate. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The appellant's reliance on Stephenson v. Carlton, noted supra, is misplaced. In Stephenson the Tennessee Supreme Court held that habeas corpus relief is appropriate only where the face of the judgment shows that the trial court lacked jurisdiction to enter the sentence or that the sentence has expired. 28 S.W.3d at 911. In Stephenson the face of the judgment reflected that the petitioner had received a sentence unauthorized by law for anyone; no further proof as to legality was required. Id. at 912.

Since the trial court properly treated the appellant's motion as a post-conviction petition, the pleading must be filed within the applicable statute of limitations. Tenn. Code Ann. § 40-30-202(b). It is apparent that the instant pleading was filed beyond the applicable statute of limitations and no reason had been pleaded that would toll the statute. Accordingly, the trial judge properly dismissed the appellant's claims.

CONCLUSION

In light of the foregoing, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE