IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## WALTER EUGENE INGRAM v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. B95509     Joseph B. Dailey, Judge**

_____

**No. W2003-00442-CCA-R3-CD - Filed January 14, 2004**

_____

The defendant, Walter Eugene Ingram, filed a "Motion to Correct Illegal Sentence" in the Shelby County Criminal Court. Upon reviewing the motion and the State's response, the trial court summarily dismissed the motion, finding that it failed to allege grounds for relief. The defendant appealed. Upon review of the record and the parties' briefs, we conclude that the defendant's appeal should be dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Walter Eugene Ingram, Only, Tennessee, Pro se.

Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve P. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On June 26, 1985, this court affirmed the defendant's convictions and sentences for robbery with a deadly weapon and violation of the habitual criminal statute. See State v. Walter Eugene Ingram, No. 147, slip op. at 4 (Tenn. Crim. App. at Jackson, June 26, 1985). The defendant was sentenced to ten years in the penitentiary for the robbery conviction and the sentence was enhanced to life imprisonment due to the habitual criminal conviction. Our opinion in the post-conviction action previously filed by the defendant noted that "it appears that the habitual criminal conviction occurred in September or November of 1983." Walter E. Ingram v. State, No. 02C01-9608-CR-00258, 1997 WL 421213, at *1 (Tenn. Crim. App. at Jackson, July 28, 1997).

On December 5, 2001, the defendant filed a "Motion to Correct Illegal Sentence," alleging that his conviction for robbery by use of a deadly weapon was incorrectly used as the basis for his conviction as an habitual offender. The defendant cited Tennessee Code Annotated sections 40-35-120 (1994) and 40-35-118 (1994) in support of this contention.

In its response, the State noted that the defendant's conviction became final in 1985, well after the enactment of Tennessee Code Annotated section 40-35-118 on July 1, 1994.[1] Thus, the State argues because Tennessee Code Annotated section 40-35-118 is prospective in nature, it has no affect on the defendant's sentence and can afford the defendant no relief.

Without an evidentiary hearing or appointment of counsel, the trial court agreed with the State and determined that the statute cited by the defendant "in no way affects the sentence under which Defendant labors." The defendant subsequently appealed to this court, again claiming that "Armed Robbery By Use Of A Deadly Weapon IS NOT SPECIFIED as an offense for purpose of the Habitual Criminal Statute [Tennessee Code Annotated section] 39-1-801 that allows it to be use[d] as prior conviction for Enhancement."

## II.  Analysis

Initially, we note that "[g]enerally, trial court orders denying motions to correct sentences are not appealable as a matter of right." Cox v. State, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001). However, "[a]s a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). "In cases arising from criminal convictions, the remedy of habeas corpus relief applies when the judgment is void. Thus the appropriate procedure for challenging a void sentence is a petition for habeas corpus relief." State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App. at Nashville, Oct. 13, 2000) (citations omitted). In the instant case, the defendant has failed to comply with the procedural requirements for a habeas corpus action, namely in that he failed to submit his judgment of conviction to the trial court in conjunction with his motion, thereby precluding our review on that basis. See Tenn. Code Ann. § 29-21-107 (1997); Cox 53 S.W.3d at 292.

Nevertheless, this does not mean that there is no remedy available. "A defendant may pursue appellate review from the denial of a motion to correct an illegal sentence through the common law writ of certiorari. See Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App. at Nashville, Oct. 13, 2000). The writ of certiorari is limited in application and is used to address a lower court's illegal actions when there is no other plain, speedy, or adequate remedy. See Cox, 53 S.W.3d at 294. Accordingly, if the sentencing infirmity does not rise to the level of illegality or voidness, an appeal via certiorari should not be granted. Id. "A void judgment 'is one

---

[1] Tennessee Code Annotated section 40-35-120 (1994), the code section providing the correct sentencing for repeat violent offenders, references Tennessee Code Annotated section 40-35-118 to assist in determining which prior felony offenses should be considered to be violent offenses.

in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

As we earlier noted, the defendant argued that Tennessee Code Annotated section 40-35-120 affords him relief from the sentence imposed as the result of his being found to be an habitual offender. However, the trial court correctly found that such code section was made applicable to all offenses committed on or after July 1, 1994, nearly ten years after the defendant's judgment of conviction became final, and, thus, the code section did not apply to the defendant. This court can discern no reason to grant a writ of certiorari to review the trial court's denial of his motion. Therefore, we conclude that the defendant's arguments afford him no relief.

### III.  Conclusion

Accordingly, we dismiss the defendant's appeal from the denial of his motion to correct an illegal sentence.

_____

NORMA McGEE OGLE, JUDGE

-3-