IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2007

## CLAUDE SHARKEY v. STATE OF TENNESSEE, CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14124      Stella Hargrove, Judge**

_____

**No. M2007-00709-CCA-R3-HC - Filed March 20, 2008**
_____

The petitioner, Claude Sharkey, pro se, appeals the summary dismissal of his petition for habeas corpus relief. He claims that his indictments were deficient and that his sentences were improper. After review, we conclude his judgments are facially valid with no jurisdictional defect or illegal sentences. The summary dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Claude Sharkey, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; and T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The judgments attached in this appeal reveal that the petitioner pled guilty to first degree murder, especially aggravated robbery, and conspiracy to commit aggravated robbery and that he received an agreed to sentence of life plus twenty-five years in 1996. On or about January 4, 2007, he filed an application for writ of habeas corpus, claiming that the judgments against him were void because the indictments were improper. The State's motion to dismiss was granted after arguing that the petitioner did not raise the challenge to the indictments prior to trial and that his argument was waived by virtue of the guilty plea.

A habeas corpus petition may be used to challenge judgments that are void and not merely voidable. Stephenson v. State, 28 S.W.3d 910, 911 (Tenn. 2000)(citing Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render

the judgment.  <u>Id.</u>  On the other hand, a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity.  <u>Taylor v. State</u>, 995 S.W.2d at 83.  The petitioner has the burden of establishing by a preponderance of the evidence that his judgment is void.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).  A petition for writ of habeas corpus may only be brought if the judgment is void or the sentence has expired.  <u>Archer v. State</u>, 851 S.W.2d at 164.

The petitioner's claim that the indictments were deficient should have been raised prior to trial. <u>See</u> Tenn. R. Crim. P. 12(b).  A review of the indictments reveals that citations for the statutes violated were contained in the indictments, rendering them sufficient to support a conviction.  <u>See</u> <u>State v. Carter</u>, 988 S.W.2d 145, 149 (Tenn. 1999).

The sentences imposed were specifically authorized and lawful.  No defect facially exists.

Conclusion

The petition for writ of habeas corpus was correctly dismissed.  The judgment is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE