IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2014

## MARCUS DEANGELO LEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos. 95-10473, 95-11561, 95-11562      James M. Lammey, Jr., Judge**

_____

**No. W2013-01088-CCA-R3-CO  - Filed March 7, 2014**

_____

On December 11, 1995, appellant, Marcus Deangelo Lee, pleaded guilty to possession of cocaine with intent to sell, possession of a deadly weapon with the intent to employ it during the commission of a crime, and the sale of cocaine.  The trial court sentenced appellant to serve concurrent sentences of three years, one year, and three years, respectively, in the county workhouse.  After numerous unsuccessful attacks on his convictions, on December 3, 2012, appellant filed a motion to correct clerical errors entitled "Motion to Correct Clerical Errors in the Judgment or Entry that Renders the Judgments Void Nunc Pro Tunc."  The trial court determined that appellant's motion was time-barred and dismissed the motion. On appeal, appellant alleges that: (1) the trial court made a clerical error in appellant's judgments; (2) the trial court erred by failing to vacate his judgments under the Tennessee Rules of Civil Procedure; and (3) his judgments should be corrected in accordance with Tennessee Rule of Criminal Procedure 36.1 because he received illegal sentences. Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Marcus Deangelo Lee, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Procedural History

This matter arose when appellant was charged with possession of cocaine with intent to sell on July 3, 1995, in case number 95-10473. He was released on bail later that day. On August 11, 1995, while appellant was still released on bail, he received two subsequent charges: possession of a deadly weapon with the intent to employ it during the commission of a crime, case number 95-11561, and the sale of cocaine, case number 95-11562.

### A. Facts from Appellant's Guilty Plea Hearing

At appellant's guilty plea hearing on December 11, 1995, the State explained:

> He's pleading in indictment number 95-10473 to unlawful possession of cocaine with intent to sell. The State recommends a fine of two thousand dollars, three years in the correctional center, as a Range I[,] standard offender. That's a C felony.
>
> As to 95-11561, he's entering a plea to possession of a deadly weapon with intent to commit a crime. The State recommends a fine of five hundred dollars, one year in the correctional center.
>
> And as to [95-11562], he's entering a plea to [the] sale of a controlled substance. The State recommends a two thousand dollar fine, three years, to run concurrently all with each other.

The State also recited the factual basis underlying appellant's guilty pleas.

The trial court fully informed appellant of his rights regarding a trial and ensured that appellant was voluntarily entering his guilty plea. The trial court then stated:

> Indictment number 95-10473, upon your plea of guilty to the offense of possession of a controlled substance with intent to sell or deliver, as charged, the Court finds you guilty of that offense and fix[es] your punishment at three years, Shelby County Correctional Center, and a two thousand dollar fine.
>
> Indictment number 95-11561, upon your plea of guilty to the offense of possession of a deadly weapon with intent to commit a crime, as charged,

the Court finds you guilty of that offense; fix[es] your punishment at one year, Shelby County Correctional Center, five hundred dollar fine.

Indictment number 95-11562, upon your plea of guilty to the offense of sale of a controlled substance, the Court finds you guilty of that offense; fix[es] your punishment at confinement for three years in the Shelby County Correctional Center, a fine of two thousand dollars and cost; fines and costs are certificated.

Appellant's judgments reflect the trial court's oral findings and indicate that appellant's three sentences were to be served concurrently.

## B. Procedural History

Since entering his guilty plea, appellant has filed numerous pleadings challenging his convictions, including a petition for a writ of error coram nobis, *Marcus Deangelo Lee v. State*, No. W2006-02031-CCA-R3-CO, 2007 WL 1575220 (Tenn. Crim. App. May 31, 2007); a post-conviction petition, *Marcus Deangelo Lee v. State*, No. W2009-00256-CCA-R3-PC, 2009 WL 2517043 (Tenn. Crim. App. Aug. 18, 2009); a motion for delayed appeal, *Marcus D. Lee v. State*, No. W2009-02478-CCA-R3-PC, 2010 WL 2219659 (Tenn. Crim. App. May 27, 2010); a motion to reopen his post-conviction proceedings, *Marcus Deangelo Lee v. State*, W2011-01003-CCA-R3-PC, 2011 WL 3849629 (Tenn. Crim. App. Aug. 31, 2011); and a motion to correct clerical errors in his judgments, *State v. Marcus Deangelo Lee*, No. W2011-02160-CCA-R3-CD, 2012 WL 2913361 (Tenn. Crim. App. July 17, 2012). All of these pleadings were either denied or dismissed, and this Court affirmed their dispositions.

On December 3, 2012,[1] appellant filed a "Motion to Correct Clerical Errors in the Judgment or Entry that Renders the Judgments Void Nunc Pro Tunc," asserting that the trial court made a clerical error by imposing concurrent sentences or, in the alternative, that two of his sentences were illegal pursuant to Tennessee Rule of Criminal Procedure 32. The trial court determined that appellant's motion was time-barred and, by written order, dismissed appellant's motion on February 27, 2013. Appellant now challenges the trial court's decision.

---

[1] The motion in the record does not indicate the date on which it was filed; however, the trial court states in the order denying the motion that it was filed on December 3, 2012.

## II. Analysis

Appellant argues that the trial court made a clerical error on appellant's judgments when it indicated that his sentence in case number 95-10473 was to be served concurrently with his sentences in case numbers 95-11561 and 95-11562. He also argues the trial court erred by failing to vacate the illegal judgments pursuant to the Tennessee Rules of Civil Procedure. Finally, appellant argues that according to Rule 32 of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-20-111, the trial court was required to align his sentences in case numbers 95-11561 and 95-11562 consecutively to his sentence in case number 95-10473. Therefore, because he received two illegal sentences, he argues that his judgments should be corrected in accordance with Tennessee Rule of Criminal Procedure 36.1. The State argues that the trial court did not make a clerical error and that appellant is not entitled to relief under Rule 36.1.

### A. Clerical Error

Appellant contends that the trial court made a clerical error when it entered judgments that indicated that his three sentences were to be served concurrently. However, the record does not support his contention.

The ambit of Rule 36 of the Tennessee Rules of Criminal Procedure is the correction of clerical mistakes in judgments, orders, or the record. In considering whether there has been a clerical error, this court has held:

> [T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*Adrian Wilkerson v. Howard Carlton, Warden*, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *5 (Tenn. Crim. App. Nov. 20, 2008) (quoting *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)). On appeal, the trial court's ruling on a Rule 36 motion is reviewed for an abuse of discretion. *State v. Brian Webb*, No. E2002-02470-CCA-R3-CD, 2003 WL 21221961, at *5 (Tenn. Crim. App. May 27, 2003).

The record reflects that during the trial court's oral findings, the court did not specifically state whether appellant's sentences were to be served concurrently or consecutively. However, when the State recited the terms of the negotiated plea agreement, it indicated that the three sentences were to be served concurrently. The trial court then entered judgments that incorporated those terms and sentences. There is no evidence in the record that the trial court made a clerical error or that the judgments improperly reflected the trial court's decision. Appellant is not entitled to relief on this issue.

## B. Rules of Civil Procedure

Appellant also argues that he is entitled to relief pursuant to Tennessee Rule of Civil Procedure 60.02. However, Rule 1 of the Tennessee Rules of Civil Procedure states that "the Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts." Because the trial court was acting within its criminal jurisdiction when it sentenced appellant, the Tennessee Rules of Civil Procedure were inapplicable. Appellant's argument is without merit.

## C. Illegal Sentences

Appellant's final argument is that his sentences were illegal because the trial court imposed three concurrent sentences even though he was on bail in case number 95-10473 when he received his two subsequent charges in case numbers 95-11561 and 95-11562. He argues that Tennessee Rule of Criminal Procedure 32(c) mandates consecutive sentences when a defendant commits a felony while the defendant is released on bail. Therefore, the trial court should have aligned his sentences in case numbers 95-11561 and 95-11562 consecutively to his sentence in case number 95-10473.

In the trial court, appellant relied upon the court's judicial discretion when he moved the court to correct his judgments. However, on July 1, 2013, following the trial court's determination and prior to this court's appellate review, Tennessee Rule of Criminal Procedure 36.1 became effective. Now, on appeal, appellant argues that his sentences should be corrected pursuant to Rule 36.1. The State argues that appellant has waived consideration of his sentences under Rule 36.1 because he did not first raise the issue in the trial court and, instead, raises the issue for the first time on appeal. The State also argues that Rule 36.1 created a substantive right that does not warrant retroactive applicability.

First, regarding whether appellant received illegal sentences, the record reflects that the trial court imposed three concurrent sentences pursuant to appellant's plea agreement. Tennessee Rule of Criminal Procedure 32(c)(3) states, in part:

When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

. . . .

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

Appellant was charged with possession of cocaine with intent to sell on July 3, 1995, in case number 95-10473, and was released on bail later that day. On August 11, 1995, while appellant was still released on bail, he received two subsequent charges: possession of a deadly weapon with the intent to employ it during the commission of a crime, case number 95-11561, and the sale of cocaine, case number 95-11562. Because appellant was on bail when he obtained his two subsequent charges, the trial court should have imposed mandatory consecutive sentences in case numbers 95-11561 and 95-11562 in accordance with Rule 32. Therefore, appellant received illegal sentences in case numbers 95-11561 and 95-11562. The only remaining question is whether appellant is entitled to relief pursuant to Rule 36.1.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides:

RULE 36.1. CORRECTION OF ILLEGAL SENTENCE

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.[2]

Regarding whether appellant has waived his claim to relief under Rule 36.1, in appellant's motion to correct, he asserted that the trial court's aligning his three sentences

---

[2] We note that Tennessee Code Annotated section 29-21-101(b)(1) removed habeas corpus relief for individuals who received "concurrent sentencing where there was a statutory requirement for consecutive sentencing." However, there is no such limitation within Rule 36.1.

concurrently was illegal. He claimed that pursuant to Tennessee Rule of Criminal Procedure 32, his sentences were illegal because he was released on bail when he received two of the charges on which he was being sentenced. *See* Tenn. R. Crim. P. 32(c)(3)(C); Tenn. Code Ann. § 40-20-111(b) (stating that when "a defendant commits a felony while such defendant was released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively"); *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (holding that "[a] sentence imposed in direct contravention of a statute is void and illegal"). Accordingly, if the petitioner's allegation is proven, the sentences imposed by the trial court were void and illegal. Therefore, although appellant did not specifically challenge his convictions under Rule 36.1, his motion to correct stated a colorable Rule 36.1 claim for review of illegal sentences in case numbers 95-11561 and 95-11562. *See George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013); *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013). Both *George William Brady* and *Brandon Rollen* state that Rule 36.1 is procedural in nature, and thus, appellant's colorable claim is viable because the rule became effective during the pendency of this appeal.[3]

Having determined that appellant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its very language, Rule 36.1 requires that once appellant has stated a colorable claim, he must be afforded counsel. *See* Tenn. R. Crim. P. 36.1(b). Moreover, if the trial court determines that the sentence in question is illegal, it must make additional findings of fact, presumably following a hearing on the matter. *See* Tenn. R. Crim. P. 36.1(c)(2). The trial court was not presented with the opportunity to consider the merits of appellant's argument within the context of Rule 36.1. Accordingly, we remand this cause for proceedings consistent with this opinion.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE

---

[3] We note that for practical purposes, the determination of whether Rule 36.1 is procedural or substantive has no impact on the final disposition of appellant's claim because if we had determined that Rule 36.1 was substantive, appellant could have simply re-filed his motion in the trial court.