IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2014

### CUMECUS R. CATES  v.STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 68311, 68366, 68367, 68827, Mary Beth Leibowitz, Judge**

_____

**No. E2014-00011-CCA-R3-CD - Filed August 20, 2014**

_____

The *pro se* petitioner appeals the summary dismissal of his motion to correct an illegal sentence, per Tennessee Rule of Criminal Procedure 36.1. Following our review of the parties' briefs, the record, and the applicable law, we find the petitioner's motion stated a colorable Rule 36.1 claim for review of illegal sentences. Therefore, we reverse the trial court's summary dismissal and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOE H. WALKER, III, Sp.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and ROBERT WEDEMEYER, J., joined.

Cumecus Cates, Appellant, Whiteville, Tennessee, *pro se.*

Robert Cooper, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General Criminal Justice Division, for the appellee, State of Tennessee.

**OPINION**

Petitioner entered a plea of guilty on September 28, 2000, in four cases in the Criminal Court of Knox County, as follows:

R.D. 68311, a B felony of possession of cocaine with intent (July 27, 1998 event).
R.D. 68366, a C felony of sale of cocaine (July 21, 1998 event).

For theses two convictions the defendant received concurrent sentences of eight and three years, for an effective eight year sentence.

R.D. 68367, a C felony of sale of cocaine (August11, 1998 event).
R.D. 68827, a B felony of possession of cocaine with intent (June 25, 1999 event).

For these two convictions the defendant received concurrent sentences of eight and three years, for an effective eight year sentence, with R.D. 68827 running consecutively to R.D. 68311.

Petitioner received an effective sentence of sixteen years.

On October 29, 2013, petitioner filed a motion to correct an illegal sentence, per Tennessee Rules of Criminal Procedure Rule 36.1.

The trial court summarily dismissed the petition, finding in "each case [petitioner] received the minimum sentence for the offense. He agreed to plea . . . for a total of sixteen years as a Range I Standard Offender." The trial court further found the "consecutive sentence was by agreement and was required because the defendant was on bond at the time of the commission of docket numbers 68827 and 68367."

The trial court found that the petition did not state a colorable claim pursuant to Rule 36.1, and summarily dismissed the petition.

Petitioner filed this appeal pursuant to Tennessee Rule of Criminal Procedure 36.1(d).

## ANALYSIS

Effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.(b) Notice of any motion filed pursuant to this rule shall be

2

promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.. . . .(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.Tenn. R. Crim. P. 36.1.

We emphasize that the purpose of this new Rule is to provide an avenue for correcting allegedly illegal sentences. The Rule does not provide an avenue for seeking the reversal of convictions. *See, Cantrell v. Easterling*, 346 S.W.3d 445, 455-56 (Tenn. 2011) (recognizing that convictions and sentences are distinct aspects of a judgment order) (citations omitted).

The State in it's brief asserts that the petitioner made a colorable claim that his sentences were illegal, and that the trial court erred when she did not appoint counsel and conduct a hearing on the defendant's colorable claim. The State agreed with petitioner. The State alleges the defendant made a colorable claim that the sentences were illegal because they were not ordered to be served consecutively to each other, because he was on bond.

The trial court found the "consecutive sentence was by agreement and was required because the defendant was on bond at the time of the commission of docket numbers 68827 and 68367."

The dates for the crimes according to the judgment sheets are as follows: possession of cocaine with intent in R.D. 68311 occurred on July 27, 1998; sale of cocaine in R.D. 68366 occurred on July 21, 1998; sale of cocaine in R.D. 68367 occurred August 11, 1998; possession of cocaine with intent to sell in R.D. 68827 occurred on June 25, 1999.

Three of the crimes occurred in 1998: July 21, July 27 and August 11. The fourth occurred in June 1999.

The trial court in its order of dismissal did not specify when the petitioner made bond and which events occurred while out on bond.

3

The only pre-trial jail credit is on the judgment form in R.D. 68311, which indicates pretrial jail credit of 90 days. There are no dates when petitioner was in jail, which might help indicate when bond was made. No other judgment form allows pre-trial jail credit.

The judgment form in R.D. 68367 does not state it is consecutive to R.D. 68311, but states it is concurrent to R.D. 68827, which is consecutive to R.D. 68311.

It is not possible to determine from the record on appeal which events occurred while petitioner was out on bond.

When a defendant commits a felony while released on bail for a felony, consecutive sentencing is required. *See,* Tenn. R. Crim. P. 32(c)(3)(C); Tenn. Code Ann. § 40-20-111(b) (stating that when "a defendant commits a felony while such defendant was released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively"); *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000) (holding that "[a] sentence imposed in direct contravention of a statute is void and illegal").

Therefore, petitioner's motion with regard to his sentences stated a colorable Rule 36.1 claim for review of illegal sentences. Having determined that appellant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its very language, Rule 36.1 requires that once appellant has stated a colorable claim, he must be afforded counsel. See Tenn. R. Crim. P. 36.1(b). Moreover, if the trial court determines that the sentence in question is illegal, it must make additional findings of fact, presumably following a hearing on the matter. See Tenn. R. Crim. P. 36.1(c)(2). The trial court was not presented with the opportunity to consider the merits of appellant's argument within the context of Rule 36.1. Accordingly, we remand this cause for proceedings consistent with this opinion.

_____
JOE H. WALKER, III