# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2014

## STATE OF TENNESSEE v. TERRANCE JOHNSON

**Appeal from the Criminal Court for Shelby County**
**No. 11-07211      Chris B. Craft, Judge**

_____

**No. W2013-02449-CCA-R3-CD  - Filed February 5, 2015**

_____

Appellant, Terrance Johnson, was convicted by a jury of second degree murder, employing a firearm during the commission of a dangerous felony, and burglary of an automobile. The trial court sentenced him to seventeen years for the murder conviction, six years for the firearm conviction, and one year for the burglary conviction for a total effective sentence of twenty-three years. On appeal, appellant argues that the armed dangerous felonies statute, Tennessee Code Annotated section 39-17-1324, does not list second degree murder as a dangerous felony in subsection 1324(i)(1) and that therefore (1) his conviction for employing a firearm during the commission of a dangerous felony cannot stand and (2) the trial court erred in its jury instructions with regard to this charge. The State concedes error and requests that this court reverse and dismiss the firearm conviction. Following our review, we reverse and dismiss appellant's conviction for employing a firearm during the commission of a dangerous felony. We affirm the trial court's judgments in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part; Reversed and Dismissed in Part**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Robert Todd Mosley (on appeal), Waynesville, North Carolina; and Coleman W. Garrett (at trial), Memphis, Tennessee, for the appellant, Terrance Johnson.

Herbert H. Slatery III, Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Stephanie Zander Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case concerns the shooting death of Lewis Oliver at his home in Memphis, Tennessee, on May 30, 2011. Appellant was accused of murdering the victim using a firearm that he stole from his uncle's vehicle; therefore, he was indicted for second degree murder, employing a firearm during the commission of a dangerous felony, and burglary of an automobile. The indictment did not specify the dangerous felony underlying the firearm charge. Because the arguments presented to this court on appeal are questions of law, not of fact, we will limit our recitation of the testimony presented at appellant's trial to a brief summary.

At trial, two of the victim's grandchildren testified that they found the victim deceased in the yard of his home on May 30, 2011, Memorial Day. The medical examiner testified that the victim had been shot a total of three times — in his chest, in his back, and in his right leg. The medical examiner characterized the back wound as a contact wound, meaning that the muzzle of the gun was against the victim's body. The other two wounds were inflicted from an indeterminate range.

Police officers testified that they found two shell casings and one spent bullet. The shell casings were Winchester .25 caliber automatic and the spent bullet was consistent with being .25 caliber. During their investigation, the police learned that appellant's uncle, Alfred Johnson, had accused appellant of stealing a .25 caliber semiautomatic pistol from his vehicle. Other information gathered in the investigation implicated appellant in the victim's murder, and he was arrested on June 3, 2011.

The police officer who interrogated appellant testified that appellant initially denied any involvement but later admitted that he had stolen his uncle's gun and that he had shot the victim. Appellant told the police that on the day of the murder, someone told him that the victim had been beating appellant's mother, Freddie Johnson. Appellant went to the victim's house and heard the victim and Ms. Johnson arguing. Appellant confronted the victim, and the victim cursed at him, made vulgar comments about Ms. Johnson, and threw a vodka bottle at him. Appellant said that the bottle hit his arm and that he responded by shooting the victim. Appellant claimed that he was approximately five feet away from the victim when he shot the victim. Appellant told the police that his friend Cedric Matthews was with him when he stole the gun and when he shot the victim. He said that he gave Mr. Matthews permission to sell the gun afterwards and that Mr. Matthews sold the gun to "Marcus."

Ms. Johnson testified that she had been at the victim's house the night before his death

but that she was at the rooming house where she lived all day on May 30, moving furniture and other items. She learned about the victim's death from her landlord. She said that the victim was never abusive towards her. Her landlord testified that he was in and out of the rooming house during the day on May 30, that Ms. Johnson was at the rooming house every time that he was there, and that the tenants were cleaning the house that day.

Alfred Johnson testified that he noticed his handgun was missing from his vehicle on May 29, a Sunday, and that he confronted appellant about it right away. When appellant denied having the handgun, Mr. Johnson reported the incident to the police. Marcus Thomas testified that appellant sold him the handgun on Tuesday, May 31. Mr. Thomas said he threw the gun into the Wolf River because of information he received about the gun later.

Appellant, testifying on his own behalf, stated that he stole the handgun on May 30 with the intent to sell it. While he and Cedric Matthews were walking around their neighborhood looking for someone to buy the gun, a man named Willie told him that the victim was beating up Ms. Johnson. Appellant said that he went to the victim's house, and Ms. Johnson was "coming off the porch." Appellant testified that she had a swollen eye and disheveled hair. Appellant claimed that he asked the victim "what was going on." Appellant testified that the victim was belligerent and threw a vodka bottle at him. Appellant said, "I pulled out the gun, he grabbed my arm and tried to take it, and I jumped back and I shot." Appellant said that he ran away but fired two more shots in the victim's direction as he did so, not knowing whether he hit the victim.

Following the close of proof, the trial court issued its instructions to the jury. In so doing, it instructed the jury that for the employing a firearm charge, the underlying dangerous felonies were second degree murder or voluntary manslaughter. The jury subsequently convicted appellant of second degree murder, employing a firearm during the commission of a dangerous felony, and burglary of an automobile. The trial court sentenced appellant to seventeen years, six years, and one year, respectively. The trial court ordered that the burglary sentence be served concurrently to the murder sentence, and the firearm sentence was to be served consecutively as a matter of law. *See* Tenn. Code Ann. § 39-17-1324(e)(1). It is from these judgments that appellant now appeals.

## II. Analysis

### A. Employing a Firearm During the Commission of a Dangerous Felony

Appellant argues that as a matter of plain error, his conviction for employing a firearm during the commission of a dangerous felony is void. He contends that second degree murder is not a dangerous felony under Tennessee Code Annotated section 39-17-1324(i)(1)

and that therefore he cannot be convicted of employing a firearm during the commission of second degree murder. The State concedes, stating that the evidence was insufficient to support appellant's conviction.

Appellant has presented his argument as a matter of plain error because it is raised for the first time on appeal. To establish a claim of plain error,

"(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice.'"

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)).

Appellant has met the requirements to establish a claim of plain error. In this case, appellant was charged with employing a firearm during the commission of a dangerous felony, an offense codified in Tennessee Code Annotated section 39-17-1324. The statute enumerates the possible underlying "dangerous felonies" in subsection 1324(i)(1), and the legislature did not include second degree murder in this list. Thus, appellant's conviction was "imposed in direct contravention of a statute." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). Therefore, the judgment for employing a firearm during the commission of a dangerous felony is void and must be reversed and dismissed.

## B. Jury Instructions

Appellant also submits as a matter of plain error that the trial court erred by instructing the jury that second degree murder was a dangerous felony for purposes of the firearm charge. Again, the State concedes, and we agree with the parties. The record at trial established that the trial court's jury charge included second degree murder as an underlying dangerous felony for the firearm charge. "[A] defendant has a right to a correct and complete charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000) (citing *State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990)). As discussed above, second degree murder is not an enumerated dangerous felony under Tennessee Code Annotated section 39-17-1324(i)(1), and therefore, it was a breach of a clear and unequivocal law to include second degree murder in the jury instruction. Moreover, the error was not harmless beyond a reasonable doubt. However, as we have already determined that appellant's conviction for employing a firearm must be dismissed, this issue is rendered moot.

**CONCLUSION**

Based on the record, the applicable law, and the arguments of the parties, we reverse and dismiss appellant's conviction for employing a firearm during the commission of a dangerous felony. We affirm the trial court's judgments in all other respects.

_____
ROGER A. PAGE, JUDGE