# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 11, 2015

## STATE OF TENNESSEE v. BRUCE LAMONT SMITH

**Appeal from the Criminal Court for Davidson County**
**No. 2000-B-783, 2001-A-8      Steve Dozier, Judge**

---

**No. M2014-02092-CCA-R3-CD - Filed April 9, 2015**

---

The defendant, Bruce Lamont Smith, appeals the summary denial of his motion, filed pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, to correct what he believes to be an illegal sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Bruce Lamont Smith, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General (Senior Counsel), for the appellee, State of Tennessee.

## OPINION

On July 6, 2000, the defendant pleaded guilty to one count of robbery in exchange for a three-year sentence to be served as six months' incarceration followed by probation. A probation violation warrant issued on November 17, 2000, alleging that the defendant violated the terms of his probation by garnering new charges, including a charge of aggravated robbery. The defendant pleaded guilty to one count of robbery in the new case on July 5, 2001, in exchange for a four-year incarcerative sentence to be served concurrently with the previously imposed three-year sentence.

On July 28, 2014, the defendant filed a motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure claiming that the sentence imposed for his 2001 robbery conviction was illegal because the trial court ordered concurrent sentencing when consecutive sentencing was required. The trial court summarily dismissed the motion on

September 30, 2014, finding that the defendant failed to state a colorable claim for relief as required by the terms of Rule 36.1 because consecutive sentencing was not mandatory in his case.

The defendant appeals and challenges the summary denial of his motion, again claiming that the sentence imposed for his 2001 robbery conviction is illegal because the trial court ordered that the four-year sentence imposed for that offense be served concurrently to his previously imposed three-year sentence in direct contravention of applicable statutory provisions. The State contends that the trial court did not err by dismissing the motion because, contrary to the defendant's assertion, the imposition of concurrent sentences in his case did not contravene any statute.

Prior to July 1, 2013, a properly filed petition for writ of habeas corpus was the sole mechanism for pursuing an illegal sentence claim. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."); *see also Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) ("A habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence."); *Stephenson v. Carlton*, 28 S.W.3d 910, 912 (Tenn. 2000) (stating that a void sentence was properly challenged in a petition for writ of habeas corpus). Our supreme court then created new Rule 36.1, which became effective on July 1, 2013, and which provides:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c) (1) If the court determines that the sentence is not an

-2-

illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1. Rule 36.1, unlike the habeas corpus statute, contains no requirement that the defendant be imprisoned or restrained of his liberty by virtue of the challenged conviction and instead allows an illegal sentence claim "*at any time*," even after, as is the case here, the sentence has been served and has expired. *Id.* (emphasis added). *Compare* Tenn. R. Crim. P. 36.1(a) ("Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.") *with* T.C.A. § 29-21-101(a) ("Any

person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). Here, the defendant claimed that his sentence was illegal because the trial court ordered that the four-year sentence for his 2001 conviction of robbery be served concurrently with the three-year sentence previously imposed for a 2000 conviction of robbery. He claims that because he was on probation for the 2000 offense when he committed the 2001 offense, consecutive sentences were required.[1] Tennessee Rule of Criminal Procedure 32 provides:

> If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of Tennessee and if this fact is made known to the court prior to sentencing, the court shall recite this fact in the judgment setting sentence, and the sentence imposed is deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively to the prior sentence or sentences. The judgment to make the sentences consecutive or concurrent shall explicitly relate the judge's reasons and is reviewable on appeal.

Tenn. R. Crim. P. 32(c)(2)(A)(i); *see* Tenn. R. Crim. P. 32(c)(3) (providing list of situations mandating consecutive sentencing, none of which are applicable here). Code section 40-35-115 provides, in pertinent part, that "[t]he court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." T.C.A. § 40-35-115(b)(6). Neither section, however, provides that consecutive sentencing is mandatory when an offense is committed while on probation. Instead, the decision regarding sentence alignment lies within the discretion of the trial court. Because the decision whether to order consecutive or concurrent sentences lay within the discretion of the trial judge, his decision to exercise that discretion

---

[1]In contrast to the requirements for avoiding summary dismissal of a petition for writ of habeas corpus or a petition for post-conviction relief, the defendant was not required to support his claim by providing any documentation from the record. *See, e.g.*, *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, slip op. at 8 (Tenn. Crim. App., Knoxville, Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."); *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 13 (Tenn. Crim. App., Nashville, Sept. 11, 2013).

to impose concurrent sentences in the defendant's case did not result in an illegal sentence.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE