IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 7, 2016

## DARRELL JENNINGS v. MICHAEL PARRIS, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 16-CR-10199    R. Lee Moore, Jr., Judge**
_____

**No. W2016-01089-CCA-R3-HC  -  Filed April 10, 2017**
_____

The Petitioner, Darrell Jennings, filed a petition in the Lake County Circuit Court seeking habeas corpus relief from his first degree felony and second degree murder convictions and resulting life sentence, alleging that he is entitled to relief because he was convicted of an offense that was not alleged in the indictment and because the trial court failed to instruct the jury on lesser-included offenses. The habeas corpus court summarily denied the petition, and the Petitioner appeals.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Darrell Jennings, Pro se, Tiptonville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In 1998, the Shelby County Grand Jury indicted the Petitioner and a codefendant for first degree premeditated murder and first degree felony murder committed during the perpetration of robbery.  In August 1999, a jury convicted the Petitioner of second degree murder as a lesser-included offense of first degree premeditated murder and first degree felony murder.  After a sentencing hearing, the trial court merged the convictions and sentenced the Petitioner to life.  On direct appeal of his felony murder conviction, this court gave the following factual account of the crime:

In August 1998, sixteen-year-old Delmar Mason resided in Memphis with his seventy-one-year-old grandfather, Joe H. Mason. The proof established that Joe Mason conducted an [unlicensed] pawn shop business from his residence and routinely accepted for pawn or purchase cars, jewelry, and clothing, along with other items of property. In addition, he made cash loans and would cash checks. At approximately 12:30 a.m. on August 24th, Delmar, his grandfather, his uncle, and his grandfather's friend had retired to bed when James "Gucci" Patterson and Kelvin Hooks arrived at the residence with a third-party check they wanted cashed. Joe Mason informed Patterson and Hooks that "the check wasn't no good." The two men left.

Approximately thirty minutes later, Patterson and Hooks returned to the residence accompanied by the Appellant. The Appellant was carrying "some Tommy Hilfiger clothes and [Hooks] came with . . . a leather jacket . . . ." Patterson, without saying a word, "sat on the couch, the opposite from [Joe Mason.]" Delmar Mason asked the Appellant "how much he wanted for the clothes." At this point, "Kelvin Hooks pulled his gun out on [Delmar] and told [him] to lay down." Delmar sat on the couch next to his grandfather. The Appellant and Hooks demanded money and the Appellant drew his weapon. Joe Mason stood up but was warned by the Appellant, "Don't move old man." Disregarding the admonition, Joe Mason responded that he did not have any money and advanced toward the Appellant, grabbing the gun away from him. Gunshots were fired and Delmar ran to his bedroom. James Patterson testified that after "Mr. Joe shot the gun," "that's when K-mack [Hooks] done what he done. He pulled his pistol . . . and went to shooting Mr. Joe." The perpetrators fled the residence.

When Delmar returned, he saw his grandfather staggering by the coffee table. Eventually, Joe Mason fell to the floor. Mason died as a result of four gunshot wounds to his chest. Delmar Mason gave accurate descriptions of the Appellant, Hooks, and Patterson. He also identified the

Appellant as one of the perpetrators from a photographic line-up a few hours after his grandfather's murder.

Memphis Police Officer Laneeze Stepney and his partner responded to the call to the Mason residence. Upon arriving at the scene, they discovered the body of Joe Mason. Delmar Mason, his uncle and another individual present were questioned as to the events. These witnesses provided descriptions of the suspects. One twenty-five-caliber shell casing was recovered in addition to the discovery of four nine-millimeter casings.

State v. Darrell Jennings, No. W1999-01036-CCA-R3-CD, 2000 WL 1863515, at *1-2 (Tenn. Crim. App. at Jackson, Dec. 1, 2000) (footnote omitted).

On direct appeal, the Petitioner argued that the evidence was insufficient to support his conviction, that the trial court erred by failing to grant a mistrial when a State witness implied that the Petitioner had a criminal record, and that trial court placed undue emphasis in its supplemental instruction to the jury that "'the State need not prove the robbery was completed.'" See id. at *2-5. This court affirmed the judgment of conviction. Id. at *6. In a petition for post-conviction relief, the Petitioner alleged that he received the ineffective assistance of counsel because trial counsel met with him only one time before trial, did not adequately prepare for trial, and should have pursued a jury instruction regarding the natural and probable consequences rule. Darrell Jennings v. State, No. W2007-01087-CCA-R3-PC, 2009 WL 3400701, at *2 (Tenn. Crim. App. at Jackson, Oct. 21, 2009), perm. to appeal denied, (Tenn. Apr. 24, 2010). This court affirmed the post-conviction court's denial of the petition. Id. at *2.

In May 2016, the Petitioner filed a petition for writ of habeas corpus. As his first ground for relief, the Petitioner alleged that he was indicted for first degree felony murder committed during the perpetration of robbery; however, when the proof at trial showed only attempted robbery, the trial court constructively amended the indictment by instructing the jury that it could also consider attempted robbery as an element of the offense. As his second ground for relief, the Petitioner alleged that the trial court failed to instruct the jury on any lesser-included offenses of first degree felony murder and failed to instruct the jury on facilitation as a lesser-included offense of first degree premeditated murder. Regarding both grounds, the Petitioner argued that the trial court lost jurisdiction to convict and sentence him. In support of his petition, the Petitioner attached exhibits, including a copy of the indictment, a copy of the jury instructions, and a copy of the judgment. The habeas corpus court denied the petition without a hearing,

concluding that even if the Petitioner's allegations were true, the judgment would be voidable, not void. The Petitioner appeals the ruling of the habeas corpus court.

## II. Analysis

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is a petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Turning to the instant case, "[N]ot only must the government prove the crime it charges, it must charge the crime it proves," and "after an indictment has been returned, its charge may not be broadened or changed except by action of the grand jury." State v. Goodson, 77 S.W.3d 240, 244 (Tenn. Crim. App. 2001). Moreover, "a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged." Id. Here, the indictment for first degree felony murder provided that the defendants "did unlawfully and with the intent to commit Robbery,, kill JOE MASON during the perpetration of Robbery,, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee." However, during the jury charge, the trial court instructed the jury that it could find the Petitioner guilty "in the perpetration of or the attempt to perpetrate the alleged Robbery." Regarding lesser-included offenses, at the time of the Petitioner's trial, trial courts were obligated to instruct juries on all lesser-included offenses that were supported by the evidence. See State v. Ely, 48 S.W. 3d 710, 726-27 (Tenn. 2001). The jury instructions in this case reflect that the trial court

instructed the jury on only the following lesser-included offenses of first degree premeditated murder: second degree murder, voluntary manslaughter, reckless homicide, and criminally negligent homicide. In addition, the trial court did not instruct the jury on any lesser-included offenses of first degree felony murder.

Nevertheless, an improperly amended indictment renders a judgment voidable, not void on its face. Gary E. Aldridge v. State, No. M2005-01861-CCA-R3-HC, 2006 WL 1132073, at *3 (Tenn. Crim. App. Apr. 28, 2006), perm. to appeal denied, (Tenn. Nov. 27, 2006). Likewise, defects in jury instructions render a petitioner's conviction voidable, not void. Milton Lee Cooper v. Howard Carlton, Warden, No. E2011-00783-CCA-R3-HC, 2012 WL 1523960, at *5 (Tenn. Crim. App. at Knoxville, Apr. 30, 2012) (citing Danny Ray Lacy v. Cherry Lindamood, No. M2009-00072-CCA-R3-CO, 2009 WL 3029619, at *2 (Tenn. Crim. App. at Nashville, Sept. 22, 2009)), perm. to appeal denied, (Tenn. Aug. 20, 2012). Therefore, the habeas corpus court did not err by summarily denying the petition.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA MCGEE OGLE, JUDGE