FILED

12/08/2023

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**HARTWELL D. PRICE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County
Nos. 17203, 12361  Christopher V. Sockwell, Chancellor**

———————————————————

**No. M2022-01556-CCA-R3-HC**

———————————————————

The Appellant, Hartwell D. Price, appeals the trial court's summary dismissal of his petition for habeas corpus relief.  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ. joined.

Hartwell D. Price, *Pro se*.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Appellant is appealing the trial court's order dismissing his petition for a writ of habeas corpus.  The record and the Appellant's brief have been filed.  In response, the State has filed a motion to affirm the ruling of the trial court pursuant to Court of Criminal Appeals Rule 20.  For the reasons stated below, said motion is hereby granted.

In 1996, the Appellant pled nolo contendere to a charge of first-degree murder in return for a sentence of life without the possibility of parole.  *Price v. State*, No. 01C01-9901-CC-00027, 1999 WL 1073604 (Tenn. Crim. App. Nov. 30, 1999), *perm. app. denied* (Tenn. May 15, 2000).  He was unsuccessful in his subsequent pursuit of post-conviction relief.  *Id.*  In August 2022, the Appellant filed a habeas corpus petition claiming the State failed to give proper notice of penalty, he misunderstood the consequence of his plea and the evidence was insufficient to support the conviction.  The trial court dismissed the

petition because the Appellant failed to show how the judgment of conviction is illegal or his sentence has expired.

The determination of whether to grant habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As such, this Court reviews a trial court's findings *de novo* without a presumption of correctness. *Id.* Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).; *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

None of the Appellant's claims warrant the granting of habeas corpus relief. The claim concerning his understanding of the consequence of his plea was decided against him in his prior post-conviction proceeding. *Price*, 1999 WL 1073604. Accordingly, that determination is binding in the instant proceeding. *See Antonio L. Sweatt v. State*, No. M1999-01300-CCA-R3-PC, 2000 WL 255328 at *1 (Tenn. Crim. App. Mar. 6, 2000), *perm. app. denied* (Tenn. Oct. 16, 2000) (discussing principle of *res judicata* in habeas corpus proceedings). Moreover, as the State correctly observes, a valid nolo plea "constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the … plea." *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). Thus, the Appellant's other two claims are not actionable herein. Accordingly, the trial court did not err in summarily dismissing the Appellant's petition.

For these reasons, the order of the habeas corpus court is affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
Judge Jill Bartee Ayers